UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID KUTRIP,                    )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )          No. 4:05-CV-358 CEJ
                                 )
CITY OF ST. LOUIS, et al.,       )
                                 )
          Defendants.            )


## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to alter
or amend the judgment, pursuant to Rule 59(e), Fed. R. Civ. P.

A district court may alter or amend a judgment "to correct a
clear error of law or prevent manifest injustice." Cooper v. U.S.
Postal Service, 245 F.R.D. 60 (D.Conn. 2007)(citation omitted). "In
general, the three grounds justifying reconsideration are 'an
intervening change of controlling law, the availability of new
evidence, or the need to correct a clear error or prevent manifest
injustice.'" Id., quoting Shrader v. CSX Transp., Inc., 70 F,3d
255, 257 (2d Cir. 1995).

Plaintiff presents several items of evidence for the first
time in conjunction with the motion to alter or amend the judgment.
Plaintiff first presents a supplemental affidavit of Gerry Kutrip
in which Mr. Kutrip states that he spoke personally with Eugene
Stubblefield to notify him of plaintiff David Kutrip's problems
while he was incarcerated. Plaintiff submitted an affidavit by
Gerry Kutrip in opposition to the defendants' motions for summary

judgment; in that earlier affidavit, Mr. Kutrip states that he spoke with "the warden's office at MSI," and not directly with Eugene Stubblefield, to report David Kutrip's problem. Plaintiff also submits a copy of the 2003 contract between the City of St. Louis and Correctional Medical Services, as well as an excerpt from the Americans with Disabilities Act Design Guide for disabled-accessible cells in correctional facilities. Plaintiff does not argue that these materials and information were not available or discoverable prior to these post-judgment proceedings.

It is well-established that Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of the judgment." U.S. v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006) (citation omitted).

The Court will not consider evidence that could have been presented earlier but instead is presented for the first time in the wake of an adverse judgment. Plaintiff has not shown an intervening change of controlling law or a need to correct a clear error or to prevent manifest injustice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend the judgment [# 136] is **denied.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2007.