UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID THOMAS KUTRIP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:05-CV-358 (CEJ) |
| CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel defendant City of St. Louis (City) to respond to plaintiff's requests for production of documents. Defendant City opposes the motion and the issues are fully briefed.

I.     Background

On March 1, 2005, plaintiff filed this action. In an amended case management order dated April 19, 2006, the parties were directed to complete discovery by November 30, 2006. (Doc. #33). Furthermore, the Court ordered the parties to "make all disclosures required by 26(a)(1), Fed.R.Civ.P., no later than **May 8, 2006**." Id. at 1 (emphasis in original). In a second, amended case management order dated April 20, 2007, the Court extended the discovery deadline for the limited purpose of taking (1) physical and mental examinations by July 16, 2007; and (2) depositions of expert witnesses by August 13, 2007. (Doc. #99). In March 2009, plaintiff wrote a letter to defendant City, requesting:

> 1) Certified copy of [the] Board of Alderman Role [sic] call for May 19 2009 10 A.M. [h]earing [h]eld in [the] Kennedy [r]oom [c]oncerning [the] ACLU report on "MSI[,]" St. Louis Medium Security Institution[, on] 7900 Hall [Street,] St. Louis[,] Mo[,] care of inmates and any and all documents and or recordings pertaining to this [h]earing.
>
> 2) All correspondence between the Public Safety director "Charles Bryson" and also "Eugene Stubblefield" with the Board concerning only this [h]earing on the [j]ail.

> 3) The 1994-1998 [b]uilding code [w]ritten inspection reports for the construction of the buildings at "MSI" known as "PODS[,]" all names of inspectors involved in such inspections[,] and approval of specifically all federal [m]andated [a]rchitectural design and installation of all ADA required fixtures . . . under U.S. ADA 1990 law and ADA/504 [d]esign requirements and [c]opy of [the] final sign off inspection by Public Safety director and or City inspector that these requirements were met or [copies] of any failure to meet.
>
> 4) A list of all names of individuals whom are in charge of purchasing all ADA equipment[,] Specifically [sic] for MSI . . . and anyone else in the care of maintenance and installation of such equipment.
>
> 5) Notarized Affidavit [t]hat [r]equested [d]ocuments are [s]worn [c]opies provided [b]y the City of St. Louis or agent or Officer of.

(Doc. #162) (emphasis in original).

In a letter dated June 5, 2009, defendant City acknowledged plaintiff's request and informed plaintiff that:

> If public records are identified, [we] will provide you with an estimate of costs associated with this request prior to commencing any gathering of records. We will attempt to provide you with this information as soon as is feasible.

(Doc. #162-2). On June 8, 2009, plaintiff filed his motion to compel.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 26(a)(1), a party must provide disclosures to the other parties, including "a copy-–or description by category and location–-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims, unless the use would be for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(ii). Rule 26(e) mandates that each party "<u>must</u> supplement . . . its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete . . . and if the additional . . . information has not otherwise been made

known to the other parties during the discovery process or in writing[.]" Fed.R.Civ.P. 26(e)(1)(A).

In the instant case, the disclosure deadline was May 8, 2006. In March 2009, and on May 28, 2009, plaintiff submitted a written request for several documents. (Doc. #162, at 2; #165, at 1). In a letter dated June 5, 2009, defendant City waived the disclosure deadline by agreeing to provide plaintiff with the requested documents. Moreover, defendant City is under a continuing obligation to supplement its disclosures, pursuant to Rule 26(e)(1). Based on the foregoing, the Court finds that defendant City must produce the requested documents.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #162] is **granted**.

**IT IS FURTHER ORDERED** that defendant City of St. Louis shall have until **July 15, 2009**, to produce all documents that are responsive to plaintiff's requests for production of documents.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2009.