UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID THOMAS KUTRIP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF ST. LOUIS, et al., )<br>)<br>Defendants. ) | No. 4:05-CV-358 (CEJ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of Redditt Hudson to quash a subpoena served on him by plaintiff. Plaintiff has responded to the motion, and the issues are fully briefed.[1]

On July 10, 2009, plaintiff served a one-page subpoena on Mr. Hudson, who is not a party to this action. The subpoena commands the production of:

> [A] list of full [n]ames of all COs that gave [i]nformation for suffering in silence listed by corlated [sic] number C01-C06 etc [sic] and any all documentation, recordings, notes[,] etc[.]

(Doc. #210-2).

Mr. Hudson moves to quash, arguing that the subpoena fails to comply with Federal Rule of Civil Procedure 45. He further argues that the First Amendment privilege for investigatory reporting precludes enforcement of the subpoena.

Rule 45(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[e]very subpoena must . . . set out the text of Rule 45(c) and (d)." Fed.R.Civ.P.

---

[1]Plaintiff filed four responses to Mr. Hudson's motion to quash. In his response briefs, plaintiff repeatedly asks the Court compel Hudson to comply with the subpoena. See (Doc. #203, at 2; #204, at 3; #205, at 4; #207, 1-2). Because plaintiff's request is not set forth in a separate motion, the Court will not consider such request.

45(a)(1)(A)(iv). Rule 45(b)(1) further provides that, "[i]f [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed.R.Civ.P. 45(b)(1). The 1991 amendment to Rule 45(b)(1) explains that "[t]he purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed.R.Civ.P. 45(b)(1) Advisory Committee Notes.

Here, the subpoena in question commands Mr. Hudson to produce specific information and documents. At the bottom of the subpoena, the following statement appears: "See Rule 45, Federal Rule of Civil Procedure, Subdivisions (c), (d), and (e), on the next page." See (Doc. #201-2). Plaintiff, however, failed to attach the additional page with the required language. Additionally, the record indicates that plaintiff failed to serve notice of the subpoena upon each party in this action before serving the subpoena upon Mr. Hudson. Based on the foregoing, the Court finds that the subpoena that plaintiff served upon Mr. Hudson was defective.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Redditt Hudson to quash the subpoena [Doc. #201] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2009.